914 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael James BRADY, Defendant-Appellant.
 No. 90-1137.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1990.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges; and JARVIS, District Judge.*
 PER CURIAM.
 
 
 1
 Michael James Brady appeals his sentence pursuant to a conviction on one count of possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g)(1). Because we are unable to discern from the record how the district court arrived at Brady's sentencing range, we remand for resentencing.
 
 I.
 
 2
 On the evening of October 31, 1988, Kimberly Thurman reported to the Detroit Police Department that she had been sexually assaulted. She recounted that her assailant had held a blue-steel revolver to her side, ordered her behind a garage, and raped her. Two officers responding to the report observed Brady in the same vicinity as the alleged assault. Because Brady fit a physical and clothing description of the assailant, the officers approached him to investigate. When Brady saw the officers, he removed a dark object from his pocket and threw it away. The officers later found the object, which turned out to be a .22 caliber, blue-steel revolver matching the victim's description of the gun held to her side. Brady was arrested on state charges of criminal sexual conduct, but these charges were dropped when Thurman failed to appear as a complainant.
 
 
 3
 On February 8, 1989, a Grand Jury for the Eastern District of Michigan indicted defendant-appellant Michael James Brady on one count of possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g)(1). On February 16, 1989, the government filed a notice with the district court that Brady was an armed career criminal subject to the sentencing provisions of 18 U.S.C. Sec. 924(e)(1).
 
 
 4
 At a July 10, 1989 hearing following Brady's federal conviction for possession of a firearm by a felon, the district court granted the government's motion to classify Brady as an armed career criminal pursuant to 18 U.S.C. Sec. 924(e)(1). Section 924(e)(1) provides:
 
 
 5
 In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
 
 
 6
 The district court found that Brady had committed the three predicate felonies necessary for application of section 924(e)(1). Brady committed his first adult felony at the age of eighteen when he abducted a woman by telling her he possessed a gun. Brady was convicted of attempted unarmed robbery for this conduct in 1973. While on parole from incarceration for his first offense, Brady was charged with two armed robberies which occurred on December 22, 1976. Specifically, Brady and an accomplice used a sawed-off shotgun to rob a Detroit beauty shop, and then proceeded to rob a bar using the same shotgun.
 
 
 7
 The district court's application of section 924(e)(1)'s sentence enhancement resulted in a statutory minimum sentence of fifteen years. Without the enhancement, Brady's sentencing range would have been eighteen to twenty-four months for conviction on a section 922(g)(1) charge of felon in possession. The applicable United States Sentencing Guidelines (U.S.S.G. or sentencing guidelines) did not specify a sentencing range for convictions under section 924(e)(1).[1]
 
 
 8
 At a January 19, 1990 sentencing hearing, the district court accepted the parties' positions that Brady was not subject to U.S.S.G. Sec. 4B1.1, which provides in part that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The district court concluded, and the parties agreed, that Brady's offense, felon in possession, was not a crime of violence. Application Note 1 of section 4B1.2 defines "crime of violence":
 
 
 9
 "Crime of violence" is defined in 18 U.S.C. Sec. 16 to mean an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or any other offense that is a felony and that by its nature involves a substantial risk that physical force against the person or property of another may be used in committing the offense. The Commission interprets this as follows: murder, manslaughter, kidnapping, aggravated assault, extortionate extension of credit, forcible sex offenses, arson, or robbery are covered by this provision. Other offenses are covered only if the conduct for which the defendant was specifically convicted meets the above definition. For example, conviction for an escape accomplished by force or threat of injury would be covered; conviction for an escape by stealth would not be covered. Conviction for burglary of a dwelling would be covered; conviction for burglary of other structures would not be covered.
 
 
 10
 Had the guidelines' career offender status applied, Brady's sentencing range would have been from thirty years to life. The district court imposed a sentence of fifty years, stated that the sentence was within the guideline range and remarked as follows:
 
 
 11
 [T]he Court must designate the reasons for which it's selecting this sentence, and it's ... imposing this sentence because it appears, Mr. Brady, that you are an extreme danger to society, and you have been violent and persistent in criminal activity.... [A]lthough the Court does not have much hope for rehabilitation at this point, I think for the protection of society a substantial term is required.
 
 
 12
 J.App. at 73-74.
 
 II.
 A.
 
 13
 Although the applicable guidelines do not provide a sentencing range for defendants convicted under the enhanced penalty provisions of 18 U.S.C. 924(e)(1), the district court stated that its sentence of fifty years' imprisonment was within the guideline range. On appeal, Brady contends that the sentencing court's belief that its sentence was within range was mistaken and that, as consequence, the district court imposed sentence without stating its reasons for departing upwardly. We review such alleged errors de novo. See United States v. Ortiz, 878 F.2d 125, 126-27 (3rd Cir.1989). According to Brady, his correct sentence under the guidelines was fifteen years, the minimum mandatory sentence under section 924(e)(1). Brady arrives at this conclusion by reference to U.S.S.G. Sec. 5G1.1(b), which provides that "[i]f application of the guidelines results in a sentence below the minimum sentence required by statute, the statutory minimum shall be the guideline sentence."
 
 
 14
 Brady's argument assumes that but for section 924(e)(1)'s minimum sentence of fifteen years, he would have been sentenced within the guideline range for the crime of felon in possession, eighteen to twenty-four months. However, U.S.S.G. Sec. 2X5.1 provides:
 
 
 15
 If the offense is a felony or a Class A misdemeanor for which no guideline expressly has been promulgated, apply the most analogous offense guideline. If there is not a sufficiently analogous guideline, the provisions of 18 U.S.C. Sec. 3553(b) shall control.
 
 
 16
 18 U.S.C. Sec. 3553(b) provides in relevant part:
 
 
 17
 In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in [18 U.S.C. Sec. 3553] subsection (a)(2). In the absence of an applicable sentencing guideline in the case of an offense other than a petty offense, the court shall also have due regard for the relationship of the sentences imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission.
 
 
 18
 The government contends that the offense guideline most analogous to section 924(e)(1)'s armed career criminal conviction is U.S.S.G. Sec. 4B1.1's career offender status. Under section 4B1.1, Brady's offense level would be thirty-seven because the statutory maximum for his conviction under section 924(e)(1) is life imprisonment. Brady's criminal history category would be VI. Thus, his sentencing range would be 360 months to life, a range within which the district court's sentence falls.
 
 
 19
 The government's contention that section 924(e)(1) is most analogous to U.S.S.G. Sec. 4B1.1 is not unreasonable. We conclude, however, that resentencing is necessary because the record does not reflect that the district court made an express finding that U.S.S.G. Sec. 4B1.1 was most analogous to Brady's offense of conviction. Nor does the record reveal that Brady was given an opportunity to address in district court the question of which guideline range is most analogous to his offense. The district court stated that its sentence was within the guideline range but never made clear to which guideline range it was referring. 18 U.S.C. Sec. 3553(c)(1) provides:
 
 
 20
 The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence ... is of the kind, and within the range, described in subsection (a)(4) [guideline range], and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range.... (Emphasis added).
 
 
 21
 We do not believe that section 3553(c)(1)'s requirement is met where, as in the instant case, the basis for the district court's conclusion that its sentence is within range cannot be clearly discerned from the record.
 
 
 22
 In addition to considering the guideline range for similar offenses, 18 U.S.C. Sec. 3553(b) instructs the court, in the absence of a guideline range, to impose a sentence "having due regard for the purposes set forth in [18 U.S.C. Sec. 3553] subsection (a)(2)." Section 3553(a)(2) instructs the sentencing court to consider:
 
 
 23
 (2) the need for the sentence imposed--
 
 
 24
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 
 
 25
 (B) to afford adequate deterrence to criminal conduct;
 
 
 26
 (C) to protect the public from further crimes of the defendant; and
 
 
 27
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
 
 
 28
 Citing United States v. Garza, 884 F.2d 181, 183-84 (5th Cir.1989), the government argues that even if the district court incorrectly applied the guidelines, a remand is unnecessary because Brady's sentence would be the same under a correct application of the guidelines. We disagree. The record does not reflect that Brady was ever given the opportunity to respond in the district court to the argument the government now makes on appeal. Garza acknowledges that its approach is only to be employed where a defendant's substantial rights are not affected. See id. at 184. Given the ambiguity of the district court's analysis, and the absence of any indication that Brady has been given an opportunity to address pertinent arguments, resentencing is necessary to protect Brady's substantial rights.
 
 B.
 
 29
 Although it abandoned this argument below, the government contends on appeal that Brady's possession of a firearm is a crime of violence when viewed in light of the circumstances in which his offense was committed. As such, it now maintains that the guidelines' career offender provision is applicable to Brady. Because this argument was expressly abandoned in the district court, see J.App. at 70, we decline to address it on appeal.
 
 III.
 
 30
 For the foregoing reasons, the matter is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable James H. Jarvis, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The sentencing guidelines have recently been amended to provide guidelines for section 924(e)(1). See 55 Fed.Reg. No. 89 (1990). The government concedes that the amended guidelines have no application to the instant case because they were not in effect at the time Brady committed his offense